NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEIRDRE SIMON, | Civil Action No. 16-07724 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | December 11, 2017 |

**WIGENTON,** District Judge.

Before this Court are Plaintiff Deirdre Simon's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"), and the Commissioner's Motion to Remand. Plaintiff appeals Administrative Law Judge Meryl L. Lissek's ("ALJ Lissek") denial of her claim for disability insurance benefits, period of disability, and supplemental security income under the Social Security Act (the "Act"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court finds that ALJ Lissek's factual findings are not supported by substantial evidence. Therefore, the Commissioner's decision is **REVERSED** and **REMANDED** for a determination of benefits. To the extent that the Commissioner's Motion to Remand seeks to further develop the record and re-evaluate Plaintiff's claim of disability, the motion is **DENIED**.

1

## I.     PROCEDURAL AND FACTUAL HISTORY

### A.  Procedural History

On May 24, 2007, Plaintiff filed an application for a period of disability, disability insurance, and supplemental security income, alleging a disability onset date of September 27, 2006.  (Administrative Record, 116-123.) [hereinafter Tr.].  The Social Security Administration ("SSA") initially denied Plaintiff's application on September 28, 2007, and again on reconsideration on January 25, 2008.  (Tr. 81-88.)  Plaintiff appeared and testified at a hearing before Administrative Law Judge James Andres ("ALJ Andres") on July 13, 2009.  (Tr. 29-47.) In his July 30, 2009 decision, the ALJ denied Plaintiff's claim based on a finding that Plaintiff could perform other work considering her residual functional capacity ("RFC"), age, education, and work experience.  (Tr. 48-57.)

Plaintiff appealed ALJ Andres' decision, and the Appeals Council remanded it on September 23, 2009 for failure to analyze Plaintiff's obesity, for failure to accurately recite evidence, for further consideration of Plaintiff's RFC, and to obtain testimony from a vocational expert.  (Tr. 58-60.)  A second hearing was held on April 14, 2010 before ALJ Andres.  (Tr. 10-28.)  On September 29, 2010, ALJ Andres denied Plaintiff's claim again, concluding that Plaintiff could perform other work considering her RFC, age, education, and work experience.  (Tr. 61-74.)

In December 2010, Plaintiff filed a subsequent application for supplemental security income.  (Tr. 409, Def.'s Br. 1, n.1; Pl.'s Br. 2.)  The Commissioner found Plaintiff totally disabled beginning December 1, 2010 and granted her supplemental security income application.  (*Id.*) However, on March 8, 2012, the Appeals Council denied Plaintiff's request to review ALJ Andres' September 29, 2010 decision denying her first application.  (Tr. 75-77.)  Plaintiff appealed to the United States District Court for the District of New Jersey.  On appeal, the Honorable Katherine

S. Hayden vacated the Commissioner's decision and remanded the case for further proceedings. (Tr. 276-83.)

The Appeals Council subsequently remanded the case and assigned Plaintiff's application to a different ALJ. (Tr. 284-87.) On August 19, 2015, Plaintiff appeared and testified before ALJ Lissek in Newark, New Jersey. (Tr. 258.) Medical Expert Martin A. Fechner ("ME Fechner") was present, but there was no vocational expert present to testify.[1] (Tr. 420-35.) On February 3, 2016, ALJ Lissek denied Plaintiff's claim for benefits, finding that she was not disabled between September 27, 2006 and December 1, 2010. (Tr. 255-67.) Because Plaintiff was found totally disabled as of December 2010, the only issue before this Court is whether or not Plaintiff was disabled from September 27, 2006 to December 1, 2010. (Tr. 409.)

## B. Factual History

### 1. Personal and Employment History

Plaintiff was forty-five years old at the alleged onset date of her disability, September 27, 2006. (Tr. 116.) She attended public school through the twelfth grade. (Tr. 140.) Plaintiff previously worked as a counselor at a residential treatment center, as a food server at a nursing home, and as a postal clerk at the Kilmar Post Office. (Tr. 179.) Her longest period of employment was as a postal clerk at the Kilmar Post Office, where she worked from 1987 through 2000. (Tr. 175.) In 2000, Plaintiff left her position as a postal clerk because of her back injuries. (Tr. 159, 175.) However, Plaintiff's last significant employment was as a food server at the Cheshire Nursing Home in Florham Park, New Jersey. (*Id.*) She left that position in 2003 and has been unemployed since. (Tr. 13, 40, 136, 175.)

---

[1] Although ALJ Lissek's February 3, 2016 decision indicated that ME Fechner and Vocational Expert Lombardi Associates LLC appeared and testified at the August hearing, the record shows that only Plaintiff and ME Fechner testified. (Tr. 420-35.)

### 2. Medical History

The record demonstrates that numerous practitioners examined, consulted, and treated Plaintiff for physical medical issues associated with her disability claim. In the 1990s, Plaintiff was injured at work as a postal clerk and underwent physical therapy for resulting neck and back pain. (Tr. 42, 185.) She underwent an epidural block in 1994 at the United Hospital of Newark. (Tr. 185.) Plaintiff returned to work until October 2000, at which point she was fired for poor attendance. (*Id.*)

Plaintiff's primary physician is Dr. Daisy DeGuzman, who she first visited in 2000 seeking treatment for pain and high blood pressure. (Tr. 138.) As of 2007, Plaintiff has been taking the following medication: Feogen Forte (for iron replacement), Ibuprofen (for pain), Amlodipine (for high blood pressure,) and Paxil (for depression). (Tr. 163.) In 2008, Dr. DeGuzman also prescribed birth control pills to treat Plaintiff's uncontrollable bleeding. (Tr. 170.) Dr. DeGuzman added Meclizive and Avalide (high blood pressure medications), and Paroxetine (for depression) to Plaintiff's treatment in 2009. (Tr. 178.) Although the record shows that Dr. DeGuzman prescribed anti-depressants to Plaintiff, Plaintiff did not seek additional mental health treatment. (*Id.*)

In July 2007, Dr. John Augustin diagnosed Plaintiff with chronic low back pain syndrome, lumbar radiculopathy with a risk factor for hypertension, and obesity. (Tr. 182-83.) Dr. Augustin reported that Plaintiff presents with high blood pressure, heaviness in her leg, lower back pain, chest discomfort, trouble breathing, dyspnea, and possibly coronary artery disease. (Tr. 186.) On August 18, 2007, Plaintiff underwent x-rays of her chest, cervical and lumbar spine, left shoulder, and right shoulder. (Tr. 192.) Her chest x-ray showed poor inspiratory effort, an enlarged heart, but normal pulmonary arteries. (*Id.*) The x-rays of her cervical and lumbar spine showed disc

4

narrowing, but good alignment.  (*Id.*)  The x-rays of her shoulders were normal.  (*Id.*)  She underwent fibroid surgery in 2008.  (Tr. 230.)

In March 2009, Dr. Robert Traflet, a diagnostic radiologist, reviewed an MRI of Plaintiff's lumbar spine and reported possible "transitional vertebra" and posterolateral bulging annulus fibrosus toward the right and left lateral recess.  (Tr. 221.)  In July 2009, Dr. Peter Soloway, a diagnostic imaging specialist, reviewed Plaintiff's head CT and found the results unremarkable.  (Tr. 207.)  That same month, Dr. Serena Lee reported that Plaintiff could occasionally lift less than ten pounds, stand for fewer than two hours in an eight-hour-day, sit for fewer than six hours, had trouble pushing or pulling in her lower extremities, and had manipulative limitations.  (Tr. 208-09.)  Dr. Lee also reported that Plaintiff suffered from severe lower back pain due to bulging discs.  (*Id.*)  In 2010, Plaintiff sought treatment at the University Rehabilitation Associates in Newark, complaining of left side, low back pain, and right knee pain that worsened with prolonged sitting.  (Tr. 230.)  Dr. Eric Attschuler examined Plaintiff and reported diffuse paraspinal tenderness in Plaintiff's lower back, and bowel incontinence.  (Tr. 231-32.)  Dr. Attschuler instructed Plaintiff to go to the emergency room to be evaluated for possible cord impingement; and if there was no evidence of cord impingement, he instructed her to begin physical therapy.  (*Id.*)

### 3.  Function Report

Plaintiff completed a function report on July 3, 2007 and described her daily activities as bathing, watching television, attending doctors' appointments, and sleeping.  (Tr. 145.)  Plaintiff reported that she lives alone and does not take care of any people or animals.  (Tr. 145-46.)  She has difficulty tying her shoes, showering, preparing meals, and toileting.  (Tr. 145-47.)  Plaintiff reported being able to iron while seated, and lightly dust her home once a month, but being unable to perform any other household chores.  (*Id.*)  She reported leaving her home twice a month and

shopping only once a month for basic needs. (Tr. 147-48.) Plaintiff does not socialize on a regular

basis. (Tr. 149.) In addition, she has trouble concentrating and getting along well with others.

(Tr. 149-50.)

### 4. Hearing Testimony

Since Plaintiff's initial application for benefits, she has appeared before two different

Administrative Law Judges at four different hearings.

### *1. First Hearing*

Plaintiff first appeared and testified before ALJ Andres on July 13, 2009 in Newark, New

Jersey. (Tr. 29-47.) She testified that she has pain in her back, legs, and other parts of her body

and as a result, is unable to sit, stand, or walk for long periods of time. (Tr. 33.) She wears a back

brace to support her back and occasionally uses a cane. (Tr. 33-34.) She further testified that

because of her pain, she had poor attendance at work and was dismissed as a result. (Tr. 35, 42.)

Plaintiff reported being able to stand for two to four hours with her cane, but after doing so, she

must sit down and take a break. (Tr. 38.) However, she can only sit for ten minutes before her

body becomes "numb and heavy," and she has to lift her legs. (Tr. 38-39.) Plaintiff testified that

she can only lift light objects that are under five pounds. (Tr. 39.) She further testified that she

spends most of her day either reading or sleeping. (*Id.*) When asked if she cooks or cleans, she

stated that she can "fix eggs [and] TV dinners," and only do light dusting. (*Id.*) Plaintiff testified

that she is unable to do housework, laundry, or make her bed, but can shower and dress herself.

(Tr. 46.)

Plaintiff testified that her last job was as a secretary at the Board of Education in either

2003 or 2004, but that she only worked there for two hours. (Tr. 40-41.) Because she was in pain

and could not sit, she told the supervisor she had to leave for the day and never returned. (*Id.*) She

further testified that she could not perform any of her past jobs because of her constant neck, back, and leg pain.  (Tr. 44.)  Plaintiff also reported that her depression affects her ability to work.  (Tr. 45.)

### 2. Second Hearing

Plaintiff appeared before ALJ Andres for a second time on April 14, 2010 in Newark, New Jersey after the Appeals Council remanded his decision.  (Tr. 10-28, Pl.'s Br. 1-2.)  In addition to her prior testimony, Plaintiff further testified that she had been seeing an orthopedist, Dr. Augustin, and attending physical therapy.  (Tr. 14.)  She also stated that her psychological problems significantly affect her memory.  (Tr. 22.)  Vocational Expert Julie Andrews ("VE Andrews") also testified at the hearing via telephone.  (Tr. 10, 22-24.)  VE Andrews testified that a hypothetical individual with Plaintiff's education, training, work experience, and functional limitations could perform the occupations of small products assembly and order clerk, which exist in substantial numbers in the national economy.  (Tr. 26.)  However, a hypothetical individual with Plaintiff's limitations could not maintain employment on a full-time basis.  (*Id.*)

### 3. Third Hearing

On April 15, 2015, Plaintiff appeared before ALJ Lissek in Newark, New Jersey.  (Tr. 407.)  ME Fechner and Vocational Expert Jackie Wilson also appeared before ALJ Lissek to testify.  (*Id.*)  However, the hearing was adjourned because neither ALJ Lissek nor ME Fechner had the entire administrative record before them.  (Tr. 407-19.)

### 4. Fourth Hearing

On August 19, 2015, Plaintiff appeared at a hearing before ALJ Lissek again, but she did not testify.  (Tr. 420-35.)  ME Fechner attended the hearing and was instructed to limit his review and analysis to the time period between 2006 and 2010.  (Tr. 425.)  ME Fechner testified that

Plaintiff showed signs of high blood pressure that improved with medication, difficulty breathing, and lower back pain. (Tr. 426-27.) ME Fechner also noted that Plaintiff suffered from anemia in February 2008, but by June 2009, her hemoglobin levels were "completely normal." (Tr. 429-30.) ME Fechner concluded that Plaintiff did not have an impairment or combination of impairments that met, or were medically equal to the severity of, one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 429.) ME Fechner further testified that Plaintiff's weight, back pain, and high blood pressure reduced her RFC, but permitted sedentary activity. (*Id.*) According to ME Fechner, Plaintiff could lift ten pounds occasionally, stand or walk two hours out of an eight-hour day, and sit for the remaining six. (*Id.*) There was no vocational expert present at the hearing. Rather, ALJ Lissek issued an interrogatory to Vocational Expert Cherie Plante ("VE Plante"), posing various questions regarding the work capacity for hypothetical individuals.[3] (Tr. 389-94.)

## II.   LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). However, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[2] Although the transcript reflects that ALJ Lissek's question was interrupted, the Court understands ALJ Lissek's question, and ME Fechner's answer, concerned the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] Although ALJ Lissek stated at the hearing in August 2015 that the only issue before her was whether Plaintiff was disabled between September 27, 2006 and December 1, 2010, the interrogatory VE Plante provided reflects an alleged disability onset date of December 1, 2010. (Tr. 389, 422, 425.)

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation and quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (internal quotation marks omitted)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976) (internal quotation marks omitted). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the

record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984) (citations omitted).

**B. The Five–Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . ." 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not

disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in §§ 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rule ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the "Listing of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's RFC.

11

20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy. 20 C.F.R. §§ 404.1520(g)(1) (citing 404.1560(c)), 416.920(g)(1) (citing 416.960(c)); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). At this point in the analysis, the SSA is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III.   DISCUSSION

### A.  ALJ Lissek's Decision

In her decision, ALJ Lissek concluded that Plaintiff was not disabled.  (Tr. 262-67.)   At

step one of the disability analysis, ALJ Lissek found that Plaintiff had not engaged in substantial

gainful activity between September 27, 2006 and December 1, 2010.  (Tr. 260.)  At step two, the

ALJ found that Plaintiff suffered from the following severe impairments: exogenous obesity, high

blood pressure, asthma, and back and knee impairments.  (*Id.*)  At step three, the ALJ found that

Plaintiff does not have an impairment that meets the severity of one of the listed impairments in

20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526,

416.920(d), 416.925, and 416.926).  (Tr. 260.)  She further concluded that Plaintiff's depression

is a non-severe impairment that had at most, a slight or minimal effect on her ability to perform

basic work activities.  (*Id.*)  ALJ Lissek considered Plaintiff's impairments under 20 C.F.R. Part

404, Subpart P, Appendix 1, §§ 1.02, 1.04, 1.00(B)(2)(C), and 3.03.[4]  (Tr. 262.)  The ALJ noted

Plaintiff's obesity in making her determination, but denied Plaintiff's claim because "[n]o treating

or examining physician . . . mentioned findings that [we]re the same or equivalent in severity to

the criteria of any listed impairment," and the evidence did not show "signs or findings that are the

same or equivalent to those of any listed impairment." (*Id.*)

ALJ Lissek then addressed Plaintiff's RFC under the two-step test.  (Tr. 262-63.)  Under

this test, ALJ Lissek first determined that while Plaintiff's impairments are severe, she retains the

RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with

additional limitations.  (*Id.*)  Plaintiff could only occasionally bend or crouch, could not crawl or

---

[4] For purposes of this Opinion, this Court will refer to Listings and Sections interchangeably.  Listing 1.00(B)(2)(C) defines gross anatomical deformity, chronic joint pain, and inability to ambulate effectively.  Listing 1.02 addresses major dysfunction of a joint.  Listing 1.04 addresses spinal disorders and Listing 3.03 addresses asthma.

climb ladders or scaffolds, could have no contact with high humidity or extreme temperature, and could not have contact with dust or other pulmonary irritants. (*Id.*) At the second step, ALJ Lissek found that Plaintiff's claims regarding the intensity, persistence, and limiting effects of her symptoms were not credible. (*Id.*) Although ALJ Lissek found Plaintiff's impairments were severe, she nevertheless found that Plaintiff could perform sedentary work for the following reasons: Plaintiff had a full range of motion of her cervical spine, with only some limitation in her lumbar spine, no neurological deficits, and she had only briefly attended physical therapy, despite complaining of severe and persistent lower back pain. (*Id.*)

At step four, after making the RFC determination, ALJ Lissek stated that Plaintiff had no past relevant work. (Tr. 265.) This finding is inconsistent with the record because Plaintiff's Disability Report and VE Plante's Interrogatory show Plaintiff had well over a decade of work experience before the alleged onset date in 2006.[5] (Tr. 136-37, 389-91.) ALJ Lissek also incorrectly stated that Plaintiff was forty-nine years old in 2006.[6] (Tr. 265.)

At step five, ALJ Lissek found that Plaintiff can perform work that exists in substantial numbers in the national economy, considering her age, education, work experience, and RFC. (Tr. 266.) The ALJ based her decision on the Medical-Vocational Guidelines. 20 C.F.R. Part 404, Subpart P, Appendix 2. Under the guidelines, the ALJ will conclude if a Plaintiff is disabled or not disabled based on whether she can perform "all or substantially all of the exertional demands at a given level of exertion." (*Id.*)

---

[5] The Court notes, that in his 2010 decision, ALJ Andres found that Plaintiff could not perform her past relevant work as a postal employee, which required her to stand for 8 hours a day. (Tr. 69-71.)

[6] Plaintiff was forty-five years old on the alleged onset date. It appears that in calculating Plaintiff's age, the ALJ was presupposing an alleged onset date of 2010. Although her error does not change the age category under which Plaintiff's claim was ultimately reviewed, it is nonetheless an oversight.

After finding that Plaintiff could perform some sedentary work despite her RFC and additional limitations, ALJ Lissek concluded that Plaintiff was not totally disabled. (Tr. 266-67.) Based on VE Plante's interrogatory, ALJ Lissek determined Plaintiff could perform the following occupations: sales attendant, cashier, or office helper. (*Id.*) Each of these positions require light-work. (Tr. 266-67, 391.) The record does not support ALJ Lissek's decision.

## B.  The ALJ's Findings Are Not Supported by Substantial Evidence

In weighing medical evidence, treating physicians' reports should be accorded great weight, especially "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d 422 at 429 (citing *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir.1987); 20 C.F.R. § 404.1527(d)(2)). An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Id*. (citing *Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir.1985)*). Finally, an ALJ "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993). The ALJ must "consider all evidence and give some reason for discounting the evidence he rejects." *Plummer v. Apfel*, 186 F.3d 422 at 429.

The ALJ, in reviewing the medical evidence on record, as well as the testimony at the hearings, improperly concluded that Plaintiff was not disabled between September 27, 2006 and December 1, 2010. Plaintiff alleges disability based on constant neck, back, and leg pain, and depression. (Tr. 54-56.) Medical evidence in the record supports her claim. In July 2007, Dr. Augustin diagnosed Plaintiff with chronic low back pain syndrome and reported that Plaintiff presents high blood pressure, heaviness in her leg, lower back pain, chest discomfort, trouble

breathing, dyspnea, and possibly coronary artery disease. (Tr. 182-86.) In July 2009, Dr. Serena

Lee, reported that Plaintiff could occasionally lift less than ten pounds, stand for fewer than two

hours in an eight-hour day, sit for fewer than six hours, had trouble pushing or pulling in her lower

extremities, and had manipulative limitations. (Tr. 208-09.) Dr. Lee also reported that Plaintiff

suffered from severe lower back pain due to bulging discs. (*Id.*) ALJ Lissek discussed these

reports in her decision and did not indicate that she doubted their findings; yet, she concluded that

the medical evidence did not show Plaintiff was totally disabled. (Tr. 264-66.)

Despite finding that Plaintiff could perform *sedentary* work, the ALJ relied on VE Plante's

interrogatory responses to conclude that Plaintiff could perform *light-work* occupations that exist

in substantial numbers. (Tr. 266.) This finding is not only inconsistent with the medical evidence

in the record, but is itself contradictory. Thus, ALJ Lissek and VE Plante did not provide examples

of jobs that exist in substantial numbers in the economy that Plaintiff could perform, considering

her RFC and additional limitations.

## C. Reversal and Remand for the Determination of Benefits

The question remaining is whether this case should be remanded for further administrative

proceedings or reversed with direction to award benefits. *See* 42 U.S.C. § 405(g). "In reviewing

a case and awarding benefits to a claimant, the reviewing court must establish that the

administrative record of the case has been fully developed and that substantial evidence in the

record as a whole indicates that the claimant is disabled and entitled to benefits." *Schonewolf v.

Callahan*, 972 F.Supp. 277 (D.N.J. 1997) (*citing Podedworny*, 745 F.2d at 221-23).

There is substantial evidence in the record to support a finding that Plaintiff is disabled.

Plaintiff filed her application for disability insurance benefits, period of disability, and

supplemental security income approximately ten years ago and has already attended four hearings

regarding her applications. The record has been fully developed, and the Commissioner has had ample opportunities to establish that Plaintiff was able to perform work available in the national economy between 2006 and 2010. The Commissioner has failed to sustain his burden of proof. Moreover, Plaintiff has already been found totally disabled as of December 1, 2010 and currently receives supplemental security income. (Tr. 409.) A fifth hearing "would simply prolong [Plaintiff's] waiting and delay [her] ultimate receipt of benefits[.]" *Podedworney*, 745 F.2d at 223; *see also Allen v. Bowen*, 881 F.2d 37, 44 (3d Cir. 1989) (choosing to reverse rather than remand where there was no good cause for the Secretary's "failure to adduce all the relevant evidence in the prior proceeding"); *Dorf v. Bowen*, 794 F.2d 896, (3d Cir. 1986) ("[I]t would constitute futility to require the Secretary to hold still another hearing for the purpose of determining whether…[Plaintiff] has the [RFC] to perform other work which exists in the economy."); *Caffee v. Schweiker*, 752 F.2d 63, 68 (3d Cir. 1985). In this case, the interests of justice dictate reversal.

## IV.    CONCLUSION

Because this Court finds that ALJ Lissek's decision is not supported by substantial evidence in the record, the Commissioner's determination is **REVERSED AND REMANDED** for a determination of benefits. To the extent that the Commissioner's Motion to Remand seeks to further develop the record and re-evaluate Plaintiff's claim of disability, the motion is **DENIED**. An appropriate Order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:      Parties